131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edgar Giovanni Santos-Santa CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70236.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.**
Decided November 21, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Abr-jsb-wor.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edgar Giovanni Santos-Santa Cruz (Santos), a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from the immigration judge's denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition for review.
 
 
 3
 We review the denial of asylum for abuse of discretion. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the BIA's factual findings, including the finding that the alien has failed to prove his eligibility for asylum, for substantial evidence and will uphold the decision unless the evidence compels a contrary result. See id.
 
 
 4
 Santos testified that while he was a student at San Carlos University he became a member of the Christian Democratic Party ("CDP") for nonpolitical reasons. In 1986 Santos was drafted into the military but he defected after six months. Santos testified that when he returned to the University, the CDP and other student groups sympathetic to guerrillas began threatening him because they thought he was a government supporter and a spy.
 
 
 5
 Santos' father testified that on one occasion Santos was beaten and that on another occasion his home was burglarized in the middle of the night by masked men in camouflage looking for Santos. Santos' father said that he did not know who caused the beating or the break-in or why these events occurred. Santos testified that students ransacked his father's bakery.
 
 
 6
 Substantial evidence supports the BIA's determination that Santos has not suffered past persecution and does not have a well-founded fear of future persecution. Although Santos testified that the student groups thought he was a government supporter, he also told them that he was drafted in to the military against his will and defected. Further, Santos testified that the student groups were interested in him because of his drafting skills. See Elias-Zacarias v. INS, 502 U.S. 478, 489 (1992). Moreover, the events that Santos and his father testified about occurred in 1991. Santos left Guatemala in 1993. Hence, Santos lived in Guatemala for two years without incident after the acts of violence. Finally, Santos conceded that he is in no more danger than any other Guatemalan resident. See Mendez-Efrain v. INS, 813 58 F.2d 279, 282 (9th Cir.1987) (general violence or danger does not support a claim for persecution).
 
 
 7
 Because Santos failed to meet the less stringent standard required to establish his eligibility for asylum, he necessarily failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a